IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERSON EMIR CUADRA SOTO,<br><br>Defendant. | **4:26CR3002**<br><br>ORDER FOR THE PROGRESSION<br>OF A CRIMINAL CASE<br><br>**Judge Susan M. Bazis** |

Upon arraignment of defendant this date and the entry of a plea of not guilty,

IT IS ORDERED:

1. **Discovery**.  Within 14 days, counsel shall confer and accomplish the discovery as required under Federal Rules of Criminal Procedure 16(a)(1)(A)-(F) and 16(b)(1)(A)-(B), and they must comply with the continuing duty to disclose such matters pursuant to Rule 16(c).

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

2. **Pretrial Motions; Prerequisites**.  The filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5.

(a)    Pretrial motions, as defined under Federal Rule of Criminal Procedure 12(b)(3), shall be filed on or before **February 17, 2026.**

(b)    In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including Brady material, the moving party's motion must state that counsel for the movant has talked to opposing counsel regarding the

subject of the motion in an attempt to reach an agreement on the contested matters without involving the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of such conferences.

(c)     If any pretrial motion is filed by either side, a copy thereof and the supporting brief required by the provisions of NECrimR 12.3(b)(1) shall be simultaneously filed. Opposing briefs shall be filed within fourteen (14) thereafter.

(d)     Any request for leave to file a post-hearing brief must be made prior to or at the close of the evidentiary record for the hearing. Requests for post-hearing briefs must explain the specific reasons the requesting party cannot be expected to argue its position before the hearing. Post-hearing briefs will not generally be permitted unless the facts are so complex as to require them, or the evidence adduced at the hearing is so different from that expected to be adduced that it triggers different law, the applicability of which could not have been anticipated by the parties before the hearing.

(e)     Motions in limine addressed to matters at trial shall be filed no earlier than fourteen (14) days before a scheduled trial date, and no later than two (2) business days before trial. Any motions filed outside this time period may be summarily denied.

3.  A telephonic conference with counsel will be held before the undersigned magistrate judge at **9:00 a.m.** on **February 20, 2026** to discuss setting a hearing, if necessary, on any pretrial motion filed, or a change of plea hearing, or the date of the jury trial and the deadlines for expert disclosures, or further disclosures under Rules 16(a)(1)(G) and/or 16(b)(1)(C) of the Federal Rules of Criminal Procedure. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call. Unless the court states otherwise, Defendants are excused from and need not attend these hearings. If a defendant chooses to attend, defense counsel must notify the court of that intent at least 2 business days before the hearing.

This telephonic conference may be continued or cancelled if:

(a)     the pretrial motion deadline was continued; or

(b)     upon advance notice that the defendant, or a defendant in a multi-defendant case, is engaged in plea discussions (including

the anticipated time needed to complete those discussions), intends to enter a plea of guilty;1 or has a plea hearing set.

4. **Continuances**.    Any motion for a continuance or an extension of deadlines shall meet the requirements of the Court's local rules. See NECrimR 12.1, 12.2, 12.3.

5. **Sealed filings**. Financial affidavits, pretrial services reports, the court's statement of reasons for sentencing, presentence investigation reports, sentencing recommendations, and other sentence-related motions will be filed under seal.

In addition, on motion presented to the court during a hearing for entry of a plea of guilty, for the reasons explained in General Order 2018-2, the court may order portions of any plea agreement to be filed under seal. If the motion is granted, the motion to seal, order granting the motion, and the sealed portion of the plea agreement will be filed in a separate and sealed docket of the court.

6. **CJA Vouchers**.    Applications or vouchers pursuant to the Criminal Justice Act ("CJA") for authorization to hire third parties, to exceed the CJA spending limits, or for the expenditure of CJA funds shall be submitted through the CJA eVoucher system and supported by a statement of:

(a)    The name, address and telephone number of the person sought to be hired (if applicable);

(b)    A specific statement of the amount sought and the method of computing it; and

(c)    A statement of the factual and legal bases supporting the request, including specific argument for exceeding the CJA's limits.

7. **Speedy Trial Act.**    The prosecuting attorney to whom this case is assigned shall advise the court, by letter to the undersigned, at such time as the Speedy Trial Act requires that the trial of this case be scheduled within ten days, if trial is not then scheduled to begin within the period allowed by the Speedy Trial Act and no exceptions have tolled the Act's time limitations.  Such notification shall set forth the number and dates of the days elapsed and days remaining under the Speedy Trial Act as applied to the events of this case.

---

[1] If notified that a defendant intends to enter a plea of guilty, the court will contact counsel and schedule the plea hearing.

8. **Defendant's Presence.** The defendant shall be present at all pretrial arguments or hearings unless the defendant's presence is excused by the court or the court scheduled the hearing with counsel only. A defendant's request to be absent from a hearing must be filed as least three business days prior to the hearing, and it must be supported by either the defendant's written declaration or affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend the argument or hearing, or by counsel's statement that counsel has advised the defendant of the right to attend the argument or hearing, the defendant acknowledges understanding that right, and the defendant knowingly and voluntarily waives the right to attend.

DATED this 28th day of January, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge